UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20757-CIV-KING

JASON HILL, ROBERT SADLIER,
ROLANDO CADIZ, ALEXIS LUIS,
GUILLERMO VALDES,

    Plaintiffs,

v.

BELLA MIA, INC., a *Florida for-profit Corporation doing business as Pink Pony,* TERI GALARDI, *an individual,* JOHN STEVEN ENNIS, *an individual,* MICHEL PORTER, *an individual,*

    Defendants.
_____/

**ORDER SETTING**
**TRIAL: NOVEMBER 6, 2017**
**PRE-TRIAL: SEPTEMBER 1, 2017**
**DISCOVERY DEADLINE: JUNE 28, 2017**
**& MOTION DEADLINE: JULY 3, 2017**

IT IS ORDERED and ADJUDGED that the above-styled cause is hereby set for **trial** on the two-week trial calendar commencing **November 6, 2017, at 9:00 a.m.**, at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami, Florida.

## CALENDAR CALL

In order to make sure that cases set on this calendar are completely ready for trial and that all matters which might be a cause of delay of the trial have been ruled upon, the Court hereby schedules a **calendar call** for **November 2, 2017, at 2:00 p.m.**, at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami, Florida. All Defendants, whether in pre-trial custody or released on bond, must be present for this calendar call.

Under existing policies and agreements between the state and federal courts of Florida, the judge who enters the first written order scheduling a case for trial on a date set has priority over the service of the attorney so scheduled for the date set. See Krasnow v. Navarro, 909 F. 2d 451 (11th Cir. 1990).

It shall be the duty of the attorneys herein set to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the date set forth above. If any counsel receives a written notice of a trial from another judge, in either state or federal court, that in any way conflicts with this trial scheduled setting, it is the obligation of that attorney to notify that judge immediately so that the judge may reschedule his or her calendar, thus leaving counsel conflict free-for this case.

Any private agreement, suggested or proposed Rule 16 scheduling conference agreements between counsel, Rule 16 scheduling order or other court orders attempting to set dates or deadlines contrary to this Order are hereby stricken and declared void.

The above-styled cause is hereby set for **final pre-trial conference** on **September 1, 2017**, at **10:00 a.m.**, at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami, Florida.

### **DISCOVERY AND MOTION PRACTICE DEADLINES**

Pursuant to So. D. Fla. Local Rule Rule 16.1, the parties shall abide by the following time schedule under penalty of dismissal or other sanctions:

> **JUNE 28, 2017: DEADLINE FOR CONDUCTING DISCOVERY.** No discovery will be permitted after this date, in order that the parties and the court have all facts of record prior to the deadline for filing motions and at pre-trial conference. Moreover, the parties shall exchange expert witness reports **NO LATER THAN 120 DAYS** prior to the

pretrial conference.

**JULY 3, 2017**: **DEADLINE FOR FILING ALL MOTIONS**. Pleading practice ends on this date except for a response by opposing party and reply to response by moving party. **ALL MOTIONS, INCLUDING MOTIONS IN LIMINE, SHALL BE FILED PRIOR TO THIS DATE.** Motions for extension of time for replies and responses cannot be granted due to the limited (30-day) time limit for the Court's consideration of motions and responses filed on the last day. All unresolved motions will be considered and ruled upon at the pre-trial conference.

**TEN** days prior to PTC: One attorney from each party having authority to enter into stipulations and make admissions shall meet to prepare and file the final pre-trial stipulation.

The attorneys must stipulate to a "Statement of the Case," as required by the Local Rules of the Southern District of Florida. It will be unacceptable for the attorneys to draft separate Statements of the Case (i.e., one for the plaintiff, one for the defendant), and the pre-trial stipulation will be subject to rejection by the Court for non-compliance. A unilateral statement of the case by one party is not a <u>stipulation of facts</u> as contemplated by the Rules. This is not the place for counsel to make opening statements or closing arguments for their clients. It is a joint stipulation as to the issues of the case.

**AUGUST 25, 2017**: **DEADLINE FOR FILING PRE-TRIAL STIPULATION**. The pre-trial stipulation must be filed with the Clerk of Court (night box filing is not acceptable). A courtesy copy of the pre-trial stipulation shall be provided to Chambers. Chambers shall be notified at (305) 523-5105 of any settlement between the parties by 4:30 p.m. on this date.

**PRE-TRIAL CONFERENCE**: The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented party. If there are any unresolved pending motions, counsel must be fully prepared to present argument to the Court and may expect the Court to rule on said motions at the final pre-trial conference. It is the purpose of the Court in setting this schedule to have all issues resolved, with

nothing for the attorneys to do between final pre-trial conference and trial, except to summon and to prepare their witnesses for trial. It eliminates last-minute motion and discovery practice requiring lawyers to respond frantically to notices of deposition and motions.

This Order, establishing the deadlines for completion of motion practice, discovery, and filing of Pretrial Stipulation shall be strictly followed by counsel, notwithstanding any Local Rule or private agreement between counsel, any filed (or unfiled) proposed Local Rule 16 scheduling deadlines, or any other court order by other Judges in unrelated cases.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 6th day of September, 2016.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
**Ricardo Manuel Corona**
Corona Law Firm PA
904 S Andrews Avenue
Ft. Lauderdale, FL 33316
(954)522-9535

**Ricardo R. Corona**
Corona Law Firm
3899 NW 7th Street
Second Floor
Miami, FL 33126
305-266-1150
Fax: 305-266-1151
Email: rcorona@coronapa.com
**_Counsel for Plaintiff_**

**Howard Brodsky**
Coconut Grove Bank Building
2701 S Bayshore Drive
Coconut Grove, FL 33133
305-858-9020
Email: geraldtobinpa@aol.com

***Counsel for Defendant***