# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-20757-KING

JASON HILL, ROBERT SADLIER, ROLANDO CADIZ, ALEXIS LUIS, AND GUILLERMO VALDES,

    Plaintiffs,

vs.

BELLA MIA, INC. a Florida for-profit Corporation, d/b/a PINK PONY, TERI GALARDI, an individual, MICHAEL PORTER, an individual, and JOHN STEVEN ENNIS, an individual,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Summary Judgment (DE #71), filed on November 6, 2017. This is a Fair Labor Standards Act case in which Plaintiffs claim they are owed unpaid overtime and minimum wages. Plaintiffs purport to seek summary judgment on three issues: (1) that the individually named defendants are subject to employer liability under the FLSA; (2) liability under the FLSA; and (3) that plaintiffs are entitled to liquidated damages under the FLSA. Plaintiffs do not seek summary judgment against the corporate defendant. This Motion is fully briefed,[1] and the Court concludes that plaintiffs have not carried their burden of showing the absence of genuine issues of material facts that would entitle them to judgment as a matter of law on any of the issues raised by their Motion.

---

[1] The individual defendants have filed their Response in Opposition (DE #75), and plaintiffs have filed their Reply in Support of Summary Judgment (DE #77). To the extent the individual defendants' Response contains a section entitled "Summary Judgment Should Be Entered in Favor of [defendant Teri] Galardi," the Court declines to treat that half-page section as a separate Motion for Summary Judgment. A Motion must be separately, and timely, filed, and Motions for Summary Judgment are governed by Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1; not only was this section filed as part of a Response, and long after this Court's Motions Deadline without leave for late filing, but it also fails to comply with the applicable rules.

**Summary Judgment Standard**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

I. **Discussion**

As is made clear in Rule 56, plaintiffs, in moving for summary judgment, must carry the burden of showing the absence of disputed issues of material fact and entitlement to judgment as a matter of law. And in doing so, plaintiffs are required to support their assertions with evidence in the record. As an initial matter, and in an apparent attempt to comply with S.D. Fla. L.R. 56.1(a),[2] in support of their Motion for Summary Judgment, plaintiffs submitted a scant six-paragraph section entitled "Undisputed Facts." The facts recited therein, however, are comprised

---

[2] That Rule requires that a "motion for summary judgment ... shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried[.] The statement shall: (1) Not exceed ten (10) pages in length; (2) Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court; and (3) Consist of separately numbered paragraphs."

largely of argument and legal conclusions. For example, in paragraph 5, plaintiffs assert as an undisputed fact that "Defendants clearly never followed the time cards because they routinely paid employees at a flat rate regardless of the time sheets and any variation from week to week." For that "fact," Plaintiffs point generally to a "Hill Affidavit." The Court notes that Plaintiffs filed four one-page affidavits along with their Motion, each sworn out by a different plaintiff, and one of which was sworn out by plaintiff Jason Hill. Though not clearly cited in the Motion, the Court presumes that this seven paragraph affidavit without documentary evidence is the referenced "Hill Affidavit." Hill's is the only affidavit cited for the proposition that defendants "routinely paid employees at a flat rate regardless of the time sheets." The "Undisputed Facts" section continues with the assertion that "many employees' pay-stubs consistently showed payment for only twenty hours a week regardless of how much work they actually performed," again citing only the Hill Affidavit for support.

Those facts that plaintiffs do attempt to assert that might go to the issues of individual employer or FLSA liability—that defendants Ennis, Porter, and Galardi handled day-to-day operations or otherwise exercised sufficient control to be held liable—are all either disputed or not as clear in the single deposition cited in support as plaintiffs claim. For example, plaintiffs assert that defendant Ennis "was a manager and handled the day-to-day operations for [defendant] Pink Pony." For this proposition plaintiffs point to defendant Ennis's deposition (DE #71-5) at page 6. However, nowhere does defendant Ennis testify that he handled day-to-day operations for the corporate defendant, and his testimony actually shows that he was a manager from the years 2000 to 2003, which are outside the 2013–2015 time period relevant to this case. *See* Ennis Depo. at 5.

Plaintiffs do not cite facts about how Ennis exercised sufficient control to be held individually liable under the FLSA. And defendant Ennis, in his Response in Opposition,

disputes the few assertions that plaintiffs do make. *See, e.g.,* DE #75-1, Affidavit of John Stephan Ennis ("During [the timeframe at issue in this case, 2013 – 2015] I was not involved in the day-to-day operation of [defendant] Bella Mia's business. I was not involved in the hiring and firing of employees; the supervising and controlling of employee work schedules or conditions of employment; nor did I determine employees rates and methods of payment..."). And plaintiffs' factual assertions against the other individual defendants, Porter and Galardi, are similarly thinly supported and disputed by those defendants' affidavits.

In short, Plaintiffs have not carried their burden in moving for summary judgment of showing, by properly supported record evidence, the absence of any genuine issue of material fact to entitle them to summary judgment on any of their claims.

Therefore, it is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion for Summary Judgment **(DE #71)** be, and the same hereby is **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 4th day of January, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **All Counsel of Record**